[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13921
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cv-00393-JSM-PRL

KPOKYC,

                                                    Plaintiff-Appellant,

versus

PRESIDENT,
TRUMP NATIONAL DORAL RESORT,
TRUMP ORGANIZATION,
JOHN DOES,
1-10,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 27, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

KPOKYC, proceeding pro se, appeals the district court's order dismissing her complaint. KPOKYC filed a pro se complaint against "President Donald Trump," "Trump National Doral Resort," "Trump Organization LLC," and "John Does 1–10" (collectively, Defendants). KPOKYC alleged that her ex-husband, a Russian billionaire named Krokus, owed her millions of dollars in child support and alimony, and that people associated with President Trump, sometimes acting at his direction, helped Krokus avoid paying child support—namely by sending a "hit man" to kill KPOKYC and harass KPOKYC and her daughter. She also alleged that she reached out to politicians who refused to help, her house was surveilled by the U.S. Department of Defense, "a Q Anon person tried to kidnap [her] daughter," and she was poisoned at a Trump Doral restaurant.

Defendants filed a motion to dismiss for failure to state a claim and improper venue. The district court granted the motion and dismissed the case without prejudice as a shotgun pleading. The court explained that the complaint was "an incomprehensible filing comprised of nonsensical allegations against Defendants," and after summarizing the complaint, the court stated that it did not comply with Federal Rules of Civil Procedure 8 and 10, in content and form. The district court also stated that it could not determine the basis for jurisdiction or what KPOKYC

was seeking, and that KPOKYC did not plead a cause of action for which relief could be granted.  The court thus concluded the complaint was "patently frivolous as any attempt to state a cause of action based on the alleged facts would be futile."

KPOKYC appeals the district court's grant of Defendants' motion to dismiss.  She argues that the district court judge, Judge James Moody, should have recused himself because he and his daughter, Florida Attorney General Ashley Moody, have conflicts of interest with Defendants and other Republican politicians.  After careful review, we affirm.

KPOKYC submitted materials in this appeal that were not in the record below, and KPOKYC did not move to supplement the record with these materials. Defendants moved to strike the materials from the appellate record.  Because these materials are unnecessary to the resolution of this appeal, Defendants' motion to strike is denied as moot.

This court issued a jurisdictional question (JQ) to the parties.  In response to the JQ, KPOKYC requested leave to amend her complaint to add diversity allegations.  A court normally must provide the plaintiff with one chance to amend the complaint.  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).  An exception to this requirement exits, however, when amending the complaint would be futile.  *Id.* at 1133.  KPOKYC's complaint was plainly meritless and amending the complaint could not have rectified the issue such that it

3

properly stated a federal question, so we deny the motion to amend. The district court did not dismiss for lack of jurisdiction, only stating that the basis for jurisdiction was unclear. We affirm the order of dismissal for the reasons stated below.

First, we liberally construe KPOKYC's pro se brief as raising a challenge to the district court's finding that her complaint was a shotgun pleading. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) ("A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally construed."). We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings do not provide a short and plain statement of a claim under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); Fed. R. Civ. P. 8. They include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) do not separate "into a different count each cause of action or claim for relief"; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at 1321–23; Fed. R. Civ. P. 10. While pro se pleadings are held

4

to less stringent standards than those drafted by attorneys, they still must suggest some factual basis for a claim. *Jones*, 787 F.3d at 1107.

KPOKYC's complaint constituted a shotgun pleading because it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. At no point in her complaint did KPOKYC make any legal arguments to support her claims. Instead, she repeated her allegations that the defendants were working to prevent her from collecting child support and were involved in a plan to kill and harass her and her daughter. KPOKYC's complaint failed to specify which defendant is responsible for what actions. And it did not separate each cause of action or claim for relief, but rather read as one long narrative. Therefore, the district court did not abuse its discretion in dismissing KPOKYC's complaint on the basis that it was a shotgun pleading.

Next, KPOKYC argues that the district judge should have recused himself due to conflicts of interest with Defendants and other members of the Republican party. When a plaintiff fails to argue for a judge's recusal before the district court, we review for plain error the failure to sua sponte recuse. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The general rule is that bias

5

sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." *Hamm*, 708 F.3d at 651 (citation omitted). Where a judge's challenged actions "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments," recusal is not required. *Liteky v. United States*, 510 U.S. 540, 556 (1994). The district judge's failure to sua sponte recuse was not plain error. Judge Moody explained that his decision was the result of KPOKYC's noncompliance with federal procedural rules. There is no indication of personal bias or prejudice against KPOKYC. Accordingly, we find no plain error.

In sum, the district court did not abuse its discretion in determining that KPOKYC's complaint was a shotgun pleading, and the judge's failure to sua sponte recuse was not plain error. As such, we affirm.

**AFFIRMED.**